KIMBALL *v.* HEWITT, Mayor, *et al.*[1]

(*Common Pleas of New York City and County, General Term.* February 4, 1889.)

INJUNCTION—ACTION BY TAX-PAYER—MUNICIPAL CORPORATIONS.

One of the competing bids for furnishing a city with electric lights was by a company which had no plant or wires, or authority to place wires, and was for the purpose of securing concessions from other bidders, which concessions were made, but were afterwards repudiated. This bid was permitted to be withdrawn before it was considered. In an action by one, as a tax-payer, to restrain the award of a contract to other bidders, the complaint was in type-writing, except plaintiff's name, which was evidently inserted after it was framed, and the principal affidavit was by an officer of the pretended bidder. A proceeding in the name of another had been contemplated, but was not brought. *Held,* that the action was collusive, and a refusal to continue an injunction was proper.

Appeal from special term.

Action by A. J. Kimball against A. S. Hewitt, mayor of the city of New York, John Newton, commissioner of public works, and Theodore W. Myers, comptroller. A motion to continue an injunction was denied, and plaintiff appeals.

Argued before McADAM, C. J., and EHRLICH and NEHRBAS, JJ.

*L. Laflin Kellogg,* for appellant. *Henry R. Beekman,* for respondents.

PER CURIAM. On the 30th day of May, 1888, the defendants awarded contracts to certain electric light companies for furnishing electric light to a portion of the city of New York. The defendants were constituted a commission by law to receive bids and award contracts for lighting the city, commonly known as the "Gas Commission." One of the bids or propositions deposited in a box for that purpose was a bid of the New York Electric Construction Company. The commission by resolution, at the request of one Hapgood, claiming to represent the construction company, permitted the withdrawal and return of the bid to the company without consideration or passing upon it, and thereafter made the award to other companies. The plaintiff, as a tax-payer, brought an action under chapter 673, Laws 1887, to restrain the defendants from executing any contracts with any of the other electric light companies under the contracts so awarded. The motion to continue the injunction was denied, on the ground that the action was collusive, and lacked the essential element of good faith. An examination of the papers presented to the court at special term leads us to the conclusion entertained by the learned judge who heard the motion. At the time of making the bid, the New York Electric Construction Company was a mere paper company, having no plant, no wires by which the service in the bid could have been performed, nor any authority to place electric conductors in the street either above or under ground; and upon the argument it was admitted on the part of the appellant that the bid was put in for the purpose of securing to that company certain concessions from the competing companies, which were agreed to by them, but subsequently repudiated. From papers presented to the judge below, it is apparent that the action was well under way before the

[1]Affirming 2 N. Y. Supp. 697.

plaintiff had any connection with it.   An examination had been taken in an-
other proceeding, which was apparently contemplated to be commenced in the
name of William B. Lynch, but which was, as far as we know, never brought.
The complaint was all in type-writing, except the name of the plaintiff, which
was written in evidently after the complaint itself had been framed.   The
principal affidavit relied on to sustain the injunction was made by the vice-
president of the Electric Construction Company, and there is strong reason
to suspect that that company, and not the plaintiff, is the real party in inter-
est here.   This being so, we think the judge below properly refused to con-
tinue the injunction, in the exercise of a sound discretion, and he was well
supported by the authority of *Hull* v. *Ely*, 2 Abb. N. C. 441.

Having arrived at this conclusion, it is unnecessary at this time to examine
the question raised as to whether or not the defendants were justified in re-
turning to the Electric Construction Company the bid and the check which
had been deposited with it, concerning the legality of which we express no
opinion.   The order appealed from should be affirmed, with costs.